FILED
SUPERIOR COURT
OF GUAM

2022 JAN 26 PM 5: 11

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM, | Criminal Case No. CF0311-20 |
| vs. | |
| DEVIN JAY CRUZ TOPASNA,<br>DOB: 09/16/1998<br>Defendant. | **DECISION AND ORDER**<br>(Motion to Dismiss Counts Based on<br>Double Jeopardy Violation and<br>Violation of Guam Statute) |

## INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on November 4, 2021 upon the Motion to Dismiss Counts Based on Double Jeopardy Violation and Violation of Guam Statute filed by Defendant Devin Jay Cruz Topasna ("Defendant"). Defendant was represented by Assistant Public Defender Peter Santos. Assistant Attorney General Katherine Nepton represented the People of Guam ("the People"). Having considered the arguments and the applicable law, the Court hereby **DENIES** the Defendant's Motion to Dismiss with respect to Charge One, but **GRANTS** Defendant's Motion to Dismiss one count of Charge Two.

## BACKGROUND

On January 5, 2021, the Defendant was charged with two counts of Theft of Property (as a Second Degree Felony), two counts of Conspiracy to Commit Theft of Property (as a Second Degree Felony), and Criminal Trespass (as a Violation). These charges are based on the Defendant's alleged involvement in the theft of two motorcycles on May 31, 2020. Indictment (Jan. 5, 2021). On January 25, 2021, Defendant filed the Motion to Dismiss Counts Based on Double Jeopardy Violation and Violation of Guam Statute. The People filed the

Opposition to the Defendant's Motion to Dismiss on February 15, 2021. The Defendant filed his Reply on February 16, 2021. A motion hearing was held on November 4, 2021, after which the Court took the matter under advisement.

## DISCUSSION

In the Motion to Dismiss Counts Based on Double Jeopardy Violation and Violation of Guam Statute, defense counsel contends that the charges contained in the Indictment are multiplicitous. A Defendant properly brings a motion objecting to an indictment before trial. 8 GCA § 65.15(b); *see also People v. Martin*, 2018 Guam 7 ¶ 11. Defense counsel argues that overcharging the Defendant in this manner violates the protections afforded under the Constitution, Organic Act of Guam, and Guam law. As such, Defendant requests that this Court dismiss one count of the First Charge of the Indictment with prejudice in favor of the other count on the grounds that the counts are multiplicitous and violate double jeopardy. Defendant further moves to dismiss Charge Two of the Indictment, with prejudice, on the grounds that it violates 9 GCA § 1.22 by charging a conspiracy to commit the same theft which is alleged in the First Charge; or, in the alternative, dismissing with prejudice one count of the Second Charge of the Indictment as multiplicitous.

**I.  THE COURT DENIES DEFENDANT'S MOTION TO DISMISS ONE COUNT OF CHARGE ONE BECAUSE EACH THEFT MAY BE CHARGED SEPARATELY UNDER THE UNIT OF PROSECUTION TEST.**

The Double Jeopardy Clause of the Fifth Amendment of the United States Constitution provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. CONST. amend V. The Double Jeopardy Clause of the Fifth Amendment was made applicable to Guam through the Organic Act. *People v. Reyes*, 1998 Guam 32, ¶ 23. The Organic Act of Guam similarly provides, "[n]o person shall be subject for the same offense to be twice put in jeopardy of punishment...." 48 USC § 1421b(d) (1950). "[T]he double jeopardy

guarantee is primarily aimed at restraining courts and prosecutors from acting contrary to legislative intent." *People v. San Nicolas*, 2001 Guam 4, ¶ 9. Thus, the Double Jeopardy Clause precludes courts from imposing consecutive sentences unless authorized by the Legislature. *Id.* In order to address the double jeopardy claim, we will address the argument that the indictment is multiplicitous. *Martin*, 2018 Guam 7 ¶ 13.

An indictment that charges a single offense in more than one count violates the rule against multiplicity. *Id.* ¶ 14 (quoting *United States v. Williams*, 527 F.3d 1235, 1241 (11th Cir. 2008)); *United States v. UCO Oil Co.*, 546 F.2d 833, 835 (9th Cir. 1976). "[M]ultiplicitous sentences violate the Double Jeopardy Clause." *United States v. Patterson*, 760 F. Supp. 2d 1116, 1119 (D.N.M. 2009) (quoting *United States v. McCullough*, 457 F.3d 1150, 1162 (10th Cir. 2006)). "'Although multiplicity is not fatal to an indictment, multiplicitous counts which may result in multiplicitous convictions are considered improper because they allow multiple punishments for a single criminal offense.'" *Id.* "When confronted with a multiplicitous indictment, a trial court has the discretion to dismiss the multiplicitous counts or to require the government to elect between the multiplicitous counts before trial, or to vacate one of the multiplicitous convictions after trial." *Patterson*, 760 F. Supp. 2d at 1122. However, allowing multiplicitous charges at trial may suggest to a jury that the defendant has committed several crimes rather than one crime. *Id.*

In Guam, courts will apply the "unit of prosecution" test when conducting a multiplicity analysis involving two violations of the same statute. *San Nicolas*, 2001 Guam 4 ¶ 13. Under this test, the court inquires whether "the conduct at issue was intended to give rise to more than one offense under the same [statutory] provision." *Id.* Thus, "[w]here an indictment charges two violations of the same statute for seemingly related conduct, our multiplicity analysis is twofold. [The court] must first determine 'what act the legislature intended as the

"unit of prosecution" under the statute.'" *Martin*, 2018 Guam 7 ¶ 15 (quoting *San Nicolas*, 2001 Guam 4 ¶ 13). Next, the Court must determine "whether 'the conduct underlying each violation involves a separate and distinct act.'" *Id.* ¶ 16 (citations omitted). The Court evaluates whether the underlying acts in the Indictment "were 'separated in time or are of a significantly different nature.'" *Id.* (quoting *State v. Multaler*, 2002 WI 35, ¶ 56, 252 Wis. 2d 54, 643 N.W.2d 437). This involves assessing whether there was sufficient time for reflection between each act. *Id.* ¶ 16.

The first step is to look to the language of the statute. Here, the Defendant was charged with two counts of Theft of Property in violation of 9 G.C.A. §§ 43.20(a) and 43.30(a). Theft of Property is defined as follows:

> A person is guilty of *theft* if he unlawfully takes or obtains or exercises unlawful control over, movable property of another with intent to deprive him thereof.

*See* 9 G.C.A. § 43.30(a). More specifically, Theft as a Second Degree Felony is defined as follows:

> *Theft* constitutes a felony of the second degree if the amount involved exceeds One Thousand Five Hundred Dollars ($1,500) or if the property stolen is *a bus, truck, automobile, aircraft, motorcycle, or motor boat....*

9 G.C.A. § 43.20(a) (emphasis added).

Here, based on the plain language of the statute, the Court finds that the unit of prosecution is intended as "a bus, truck, automobile, aircraft, motorcycle or motor boat." In *Manley*, the Supreme Court held that the use of the term "another" in Guam's aggravated assault statute provided the basis for a separate unit of prosecution. *People v. Manley*, 2010 Guam 15 ¶¶ 34–35. In that opinion, the Supreme Court found that a statute using the words "a" or "another" reveal legislative intent that the appropriate unit of prosecution is each victim. *Id.* ¶ 34 (quoting *San Nicolas*, 2001 Guam 4 ¶ 20). Because 9 G.C.A. § 43.20 provides that theft is a

felony of the second degree if it involves "a" motorcycle, the Court finds that this language is unambiguous with respect to the appropriate unit of prosecution. Thus, the appropriate unit of prosecution in this case is each motorcycle. *See also People v. McKinny*, 2018 Guam 10 ¶ 18 (acknowledging theft can be based on amount involved *or* type of property).

We must next determine whether the conduct underlying the theft of each motorcycle constituted separate and distinct acts. Prosecutors typically do not charge separate counts of Theft of Property for each item taken during the same course of conduct. *People v. Afaisen*, 2016 Guam 31 ¶ 35. However, the Court finds that each count of theft charged in this matter alleges a separate and distinct act. In *Afaisen*, the Supreme Court adopted the *Millard/Acey* Factors to determine whether the taking of several items constitutes a continuing course of conduct or separate criminal acts:

> (1) the location of the items taken; (2) the lapse of time between the takings; (3) the general and specific intent of the taker; (4) the number of owners of the items taken; and (5) whether intervening events occurred between the takings.

*Id.* ¶ 48 (citing *Millard v. Commonwealth*, 539 S.E.2d 84, 86 (Va. Ct. App. 2000). Here, although the Indictment indicates the thefts both occurred on May 31, 2020, the Magistrate's Complaint suggests that the acts were sufficiently separated in time and space to support separate counts of theft. Indictment (Jan. 5, 2021); Magistrate's Compl. (Jun. 6, 2020). Video footage appears to show the Defendant and other co-actors pushing *both* motorcycles outside of the gate at approximately 4:04 a.m. on May 31, 2020, which suggests that they may have had intent to steal both motorcycles. Magistrate's Compl. Defendant and other co-actors allegedly first loaded the Yamaha motorcycle into the van and removed it from the property. *Id.* Approximately one hour later, the Defendant and co-actors appear to have returned and removed the second Suzuki motorcycle from the property at 5:19 a.m. *Id.* Thus, there appears to be a lapse of time and intervening events between the taking of each separate motorcycle. *Id.*

Although both motorcycles were taken from the same owner, on the same day, and from the same location, the Court weighs heavily the fact that one hour passed before the second theft, during which the Defendant and co-actors allegedly dropped the first motorcycle off at a friend's house before returning to the victim's property. *Id.* This suggests that there was sufficient time for reflection before the second theft. For these reasons, the Court finds that each theft was a separate act and denies Defendant's request to dismiss one count of Charge One.

## II. THE COURT GRANTS DEFENDANT'S MOTION TO DISMISS ONE COUNT OF CHARGE TWO BECAUSE THE FACTS ALLEGED SUPPORT ONE CONSPIRACY RATHER THAN TWO SEPARATE CONSPIRACIES.

"Title 9 GCA § 1.22 specifically enables charging multiple offenses when a defendant's conduct establishes multiple criminal acts, except under certain enumerated circumstances." *Martin*, 2018 Guam 7 ¶ 14. For example, a defendant may not be convicted of more than one offense when one offense consists only of a conspiracy to commit the other. 9 GCA § 1.22(b). Thus, Defendant seeks to dismiss the conspiracy charges in Charge Two of the Indictment altogether. Defendant also argues that Charge Two should be dismissed on the basis of 9 GCA § 1.22(e), which provides that a defendant may not be convicted of more than one offense if "[t]he offense is defined as a continuing course of conduct and the defendant's course of conduct was uninterrupted...." 9 G.C.A. § 1.22(e). Furthermore, "in determining whether section 1.22(e) applies, the 'test is whether the [charging] statute prohibits individual acts, or instead, prohibits the course of action which they constitute.'" *Afaisen*, 2016 Guam 31 ¶ 34. As discussed above, the Court finds that the applicable statutes prohibit individual acts and that the theft of each motorcycle did not constitute a continuing course of conduct or that such conduct was uninterrupted. Additionally, the Compiler's Comment to 9 GCA § 1.22 states that 'this [s]ection cannot be used as a basis to strike counts of indictments or information before trial and conviction.'" *People v. Diaz*, 2007 Guam 3 ¶ 52 (citing 9 GCA § 1.22 cmt.). Because Section

1.22 may not be used as a basis to strike counts of an Indictment, the motion to dismiss either count of Charge Two on this basis is denied.

In terms of double jeopardy, Guam law provides that "[i]f a person conspires to commit a number of crimes, he may be convicted of only one conspiracy so long as those multiple crimes are the object of the same agreement or continuous conspiratorial relationship." 9 G.C.A. § 13.35; *see also People v. Quenga*, 2015 Guam 39 ¶ 73. The Guam Supreme Court considers the following factors when determining whether multiple offenses are part of a continuous conspiratorial relationship:

> The number of overt acts in common; the overlap of personnel; the time period during which the alleged acts took place; the similarity in methods of operation; the locations in which the alleged acts took place; the extent to which the purported conspiracies share a common objective; and the degree to which interdependence is needed for the overall operation to succeed.

*Id.* ¶ 75 (quoting *Com. v. Andrews*, 564 Pa. 321, 334, 768 A.2d 309, 316 (2001)).

Here, Defense counsel argues that the pleadings do not support the commission of two counts of conspiracy, where the co-actors are alleged to have gone to a single location to steal two motorcycles, stole the two motorcycles on the same day, and yet somehow entered into two separate conspiracies. Both crimes involve the theft of motorcycles by the same individuals. The thefts took place within hours of each other, and in the same manner. The Defendant and co-actors arguably had the same common objective to obtain possession of the motorcycles. The Court finds it difficult to see how such facts would support the commission of two separate conspiracies. All these factors weigh in favor of a finding that the Defendant is more properly charged with one single count of conspiracy. For these reasons, the Court will dismiss Charge Two, Count Two, of the Indictment and the People may amend the Indictment within *thirty* (30) days of this Decision and Order, if needed.

## CONCLUSION

For the above reasons, the Court hereby **DENIES** in part and **GRANTS** in part the Defendant's Motion to Dismiss Counts Based on Double Jeopardy Violation and Violation of Guam Statute. The Court hereby **DENIES** the Defendant's Motion to Dismiss with respect to Charge One, but **GRANTS** Defendant's Motion to Dismiss Charge Two, Count Two. The People may amend the Indictment within *thirty* (30) days of this Decision and Order, if needed.

**IT IS SO ORDERED** ____JAN 2 6 2022____.

**HONORABLE ARTHUR R. BARCINAS**
Judge, Superior Court of Guam

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:
__AG, APD__

Date: 1/27/22 Time: 8:20 a.u.
Antonio A. Cruz
Deputy Clerk, Superior Court of Guam